IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANDY BUXTON, | ) |
| Plaintiff, | ) 2:15-CV-00646-CRE |
| vs. | ) |
| OFFICER FRED HILL, OFFICER BRETT EBBITT, OFFICER STEINER, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; | ) |
| Defendants, | ) |

**REPORT AND RECOMMENDATION**

Cynthia Reed Eddy, United States Magistrate Judge.

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Officers Michaels Brett Ebbitt and Officer Michael Steiner [ECF No. 27] and the Motion to Dismiss filed by Officer Fred Hill [ECF No. 33] be granted and Plaintiff's complaint be dismissed with prejudice.

### II. REPORT

a. Background

Plaintiff, Andy Buxton, is presently an inmate confined in Allegheny County Jail ("ACJ") in Pittsburgh, Pennsylvania. Plaintiff initiated this action, *pro se*, against certain Duquesne Borough, Pennsylvania police officers in connection with his arrest, claiming that the Defendant Officers violated his constitutional rights. All of Plaintiff's well-pleaded allegations are taken as true, and all inferences are drawn in his favor for purposes of this recommendation. After the conducting a traffic stop, Plaintiff was arrested on June 28, 2012 at 2:00 a.m. by

1

Duquesne Borough police officers Hill, Ebbitt and Steiner. Plaintiff alleges that Officer Hill used excessive force in arresting Plaintiff by striking him with a Taser or metal object several times to the side of his head. Plaintiff claims that Officers Ebbitt and Steiner failed to immediately intervene or stop Officer Hill from striking him. After Officer Hill struck Plaintiff numerous times, Officer Ebbitt finally intervened and restrained Officer Hill to prevent him from continuing to strike Plaintiff. Officer Steiner did not intervene. Plaintiff was then handcuffed and placed in the police vehicle. While in the police vehicle, Plaintiff reported feeling dizzy to the officers and requested medical attention. The officers did not take Plaintiff to a hospital and did not otherwise provide him with medical assistance. He was then transported to the Duquesne Borough police station and ultimately transferred to Allegheny County Jail. After his release from Allegheny County Jail, Plaintiff went to the hospital and was diagnosed with a concussion. Plaintiff also alleges that on May 20, 2013, he was convicted of certain criminal charges stemming from this arrest.[1]

Plaintiff initiated the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on May 19, 2015 alleging two claims against the Defendant Officers: (1) a Fourth Amendment claim for using excessive force in effectuating his arrest; and (2) a Fourteenth Amendment due process claim for failure to provide medical care after his arrest.[2] Defendants now move to dismiss these

---

[1] It is noted that Plaintiff's state criminal docket confirms that he was arrested on June 28, 2012 by Officer Hill and was ultimately convicted of driving under the influence and other miscellaneous traffic violations. *See* Court of Common Pleas of Allegheny County CP-02-CR-0008697-2012. Gleaning from state court records, Plaintiff is currently incarcerated at ACJ for criminal charges unrelated to this case.

[2] While Plaintiff does not explicitly set forth the constitutional justifications for his claim, given the liberal construction afforded to *pro se* plaintiffs, because Plaintiff uses the terms "excessive force" and "deliberate indifference" throughout his complaint, the Court will analyze his complaint as including a Fourth Amendment claim for the officers' alleged excessive force and a Fourteenth Amendment due process claim for the officer's alleged failure to provide medical care as a pretrial detainee. *See Graham v. Connor,* 490 U.S. 386, 394, 109 S. Ct. 1865,

2

claims alleging that Plaintiff's complaint is untimely and that he otherwise fails to state a claim. Because it is clear from the face of the complaint that Plaintiff's claims are untimely, this recommendation will be limited to that discussion.

   b. <u>Standard of Review</u>

      *1. Pro se Litigants*

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a Section 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,*

---

1871, 104 L. Ed. 2d 443 (U.S. 1989) (recognizing that excessive force claims incident to arrest should be analyzed under the Fourth Amendment); *Hubard v. Taylor*, 399 F.3d 150, 164-66 (3d Cir. 2005) (recognizing that deliberate indifference to serious medical needs for arrestees should be analyzed under the Fourteenth Amendment).

3

116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

*2. Motion to Dismiss Pursuant to Rule 12(b)(6) – The Legal Standard*

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 220 (3d Cir. 2011) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state

4

a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

    c. <u>Discussion</u>

Here, the Defendant Officers argue that Plaintiff has untimely filed his civil rights complaint and his complaint should therefore be dismissed. While a statute of limitations argument is generally an affirmative defense, it may be raised in a Rule 12(b)(6) motion when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted). All Section 1983 claims "are subject to the state statute of limitations for personal injury actions." *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985)). *See also Gandy v. Superintendent Graterford SCI*, No. 15-3868, 2016 WL 1359091, at *1 (3d Cir. Apr. 6, 2016). Pennsylvania has a two year statute of limitations for personal injury torts. 42 Pa.C.S. § 5524. Therefore, the applicable statute of limitations here is two years. The accrual date for the statute of limitations is a matter of federal law. *See Wallace v. Kato*, 549 U.S. 384, 387–88, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The two year statute of limitations begins to run at the time the plaintiff knows, or should know through due diligence, of the injury that is the basis for the Section 1983 claim. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir.1991); *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir.1991). Simply stated, a Section 1983 claim accrues when "the plaintiff has a complete and present cause of action." *Wallace v. Kato*,

5

549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007) (citations omitted).

An excessive force claim in relation to a civil rights plaintiff's arrest generally accrues the date that the Plaintiff is arrested and the alleged use of force incident occurred. *See Walters v. Muhlenburg Twp. Police Dep't*, 536 F. App'x 213, 216 (3d Cir. 2013); *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir.1998); *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir.1991). Likewise, a claim for deliberate indifference to a serious medical need accrues when Plaintiff knows or should know of his injury. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) (applying New Jersey statute of limitations); *Dutton-Myrie v. Corbett*, No. CIV. 3:CV-10-0354, 2010 WL 1541623, at *5 (M.D. Pa. Apr. 14, 2010).

Here, from the face of Plaintiff's complaint, he alleged he was aware of his injury on June 28, 2012 at the time of his arrest, as he alleges being subjected to excessive force by the Defendant Officers during his arrest, and sought medical attention contemporaneously with his arrest for Officer Hill allegedly striking him with a Taser or metal object and levying blows on him during the traffic stop. Therefore, Plaintiff had until June 28, 2014 to initiate any constitutional claims under Section 1983. He did not do so until May 19, 2015, approximately a year after the statute of limitations expired. Accordingly, Plaintiff's constitutional claims pursuant to Section 1983 are untimely, and his complaint must be dismissed with prejudice.

While Plaintiff seeks to invoke several legal doctrines to excuse his belated complaint, including the discovery rule, *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and the *Younger* abstention doctrine, none of these theories excuse his untimeliness.

Equitable tolling is extraordinary relief and "appropriate only when: (1) a defendant actively misleads a plaintiff regarding his or her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a

plaintiff has timely asserted his or her claim in the wrong forum." *Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015) (citing *Lake v. Arnold*, 232 F.3d 360, 370 n. 9 (3d Cir. 2000)).

"The discovery rule applies in cases where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence." *Brown v. Buck*, 614 F. App'x 590, 593 (3d Cir. 2015) (citing *Bohus v. Beloff*, 950 F.2d 919, 926 (3d Cir.1991)). Plaintiff's alleged injuries and causes thereof were immediately ascertainable, as he immediately knew that he was injured after Officer Hill allegedly hit him in the head with a Taser and he sought medical attention contemporaneously with his injury. *See Large v. Cnty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir.2009) ("it is apparent that Large was aware of his alleged mistreatment as it occurred on the date of his arrest, April 19, 2002."). To the extent that Plaintiff alleges that he could not bring this civil rights suit until his criminal charges were adjudicated also does not toll the statute of limitations under the discovery rule. *See Brown*, 614 F. App'x at 593 (finding no grounds for equitable tolling under the discovery rule where court assumed *arguendo* that the plaintiff's criminal counsel advised plaintiff he could not file a civil rights suit until the criminal case closed).

As for Plaintiff's assertion that *Heck v. Humphrey* excuses his untimely complaint, his argument is inapplicable. The Supreme Court in *Heck* held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

Heck is inapplicable here, as Plaintiff does not challenge the legality of his conviction or

confinement, but rather bases him claims upon the officers' alleged use of excessive force and deliberate indifference to his serious medical needs.

Lastly, Plaintiff seeks to invoke the *Younger* abstention doctrine to excuse his untimely filed complaint. The *Younger* abstention doctrine generally bars a federal court from hearing a civil rights torts claim brought by a person who is being prosecuted for a matter in state court and his federal claims are implicated in the state court prosecution. *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971). *Younger* abstention applies when three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). Younger does not toll the statute of limitations for civil rights claims, but "established a principal of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 201 (3d Cir. 2005). Accordingly, Plaintiff's reliance on *Younger* to toll the statute of limitations for him to bring his civil rights claims is misplaced.

    d. <u>Conclusion</u>

In accordance with the foregoing report, it is respectfully recommended that Defendants' motions to dismiss be granted and Plaintiff's claims be dismissed with prejudice as untimely.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, the parties have until July 5, 2016 to file objections to this report and recommendation. Unless Ordered otherwise by the District Judge, responses to objections are due July 22, 2016. Failure to file timely objections may constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: June 23, 2016.

                                                              s/ Cynthia Reed Eddy
                                                              Cynthia Reed Eddy
                                                              United States Magistrate Judge

cc:       Honorable Joy Flowers Conti
           United States Chief District Judge
           *via CM/ECF electronic filing*

           ANDY BUXTON, *pro se*
           113291 & 3E
           Allegheny County Jail
           950 Second Avenue
           Pittsburgh, PA 15219-3100

           Counsel of record *via CM/ECF electronic filing*