IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANDY BUXTON, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:15-CV-00646-JFC |
| vs. | ) | |
| OFFICER FRED HILL, OFFICER BRETT EBBITT, OFFICER STEINER, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; | ) | |
| Defendants, | ) | |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge.

Presently before the Court are the Motion for Leave to File an Amended Complaint [ECF No. 46] and Motion for Reconsideration of this Court's Memorandum Opinion filed by plaintiff andy buxton ("Plaintiff") granting Defendants' Motions to Dismiss and dismissing Plaintiff's claims with prejudice. [ECF No. 47]. For the reasons that follow, Plaintiff's motions are denied. Because the court writes primarily for the parties, and the factual background was discussed in the adopted Report and Recommendation [ECF No. 39], only the background necessary to determine the present motions will be discussed.

1. Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e)

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) "'must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Kulesa v. Rex*, 519 F. App'x 743 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). To demonstrate clear error or manifest injustice, there must be a "definite and firm

1

conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242 (2001) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The motion must be based "on arguments that were previously raised but were overlooked by the Court." *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003). A motion for reconsideration pursuant to Rule 59(e) "is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made[,]" *Colon v. Colonial Intermediate Unit 20*, 443 F.Supp.2d 659, 667 (M.D.Pa. 2006) (citations omitted), and "parties are not free to relitigate issues that the Court has already decided." *Jasin*, 292 F.Supp.2d at 676 (citations omitted). Motions for reconsideration are not the proper mechanism for an unsuccessful party to rehash arguments previously rejected by the court. *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D.Pa. 1991).

First, Plaintiff argues that the court should consider his objections to the Report and Recommendation as timely filed. Pl.'s Mot. for Reconsideration [ECF No. 47] at 1. Plaintiff's objections to the Report and Recommendation were taken into consideration in this court's memorandum opinion granting the Defendants' Motions to Dismiss. *See* Memo Op. [ECF No. 44] at 1 ("Plaintiff filed a Motion for Reconsideration of the Report and Recommendation on July 5, 2016, which will be deemed to be timely filed objections to the Report and Recommendation.").

As for Plaintiff's basis for reconsideration, he ostensibly argues that he has been "reasonably diligent" in pursuing his claims. However, this court previously determined that there is no basis for equitable tolling in this case to excuse Plaintiff's untimely filed complaint and Plaintiff provides no legal authority to reconsider this court's decision. Accordingly, Plaintiff's motion for reconsideration must be denied.

    2. <u>Motion to Amend Complaint pursuant to Federal Rule of Civil Procedure 15</u>

The court next turns to Plaintiff's Motion to Amend his Complaint, in which he seeks to submit an Amended Complaint to include the state law claims of assault, battery, intentional infliction of emotional distress and negligence.

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). This rule has been interpreted by courts to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment[,]" however, in the absence of prejudice of the nonmoving party, denial of an amendment "must be based on bad faith, or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citations omitted). Allowing a party to amend is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 115 (internal quotations and citations omitted). *See* Rep. and Rec. [ECF No. 39] at 3-5 (setting forth standard of review for *pro se* litigants and motions made pursuant to Fed. R. Civ. P. 12(b)(6)).

Assuming that the state law claims that Plaintiff seeks to include in his proposed Amended Complaint relate back under Federal Rule of Civil Procedure 15(c)(1)(B) as arising out of the same conduct, transaction or occurrence, such claims, like the claims set forth in the original complaint, are barred by the statute of limitations. Under Pennsylvania law, the intentional torts of assault, battery, intentional infliction of emotional distress and negligence must be commenced within two years. *See* 42 Pa. Cons. Stat. § 5524(1), (2), (7). The statute of limitations for any action begins to run as soon as the right to institute and maintain a suit arises. *Benard v. Washington Cty.*, 465 F. Supp. 2d 461, 467 (W.D. Pa. 2006) (citing *Dalrymple v. Brown*,

3

549 Pa. 217, 701 A.2d 164, 167 (1997)). "[L]ack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Dalrymple*, 701 A.2d at 167 (citations omitted).

This court previously determined that Plaintiff knew or should have known of any alleged injury he suffered on the date of arrest, June 28, 2012. Likewise, any claim for assault, battery, intentional infliction of emotional distress and negligence must have been brought within the two-year statute of limitations period. Because Plaintiff did not bring any claims until May 19, 2015, approximately one year after the statute of limitations on these claims expired, allowing him to amend his complaint to include expired claims would be futile and his motion to amend complaint must be denied. An appropriate order will be entered.

BY THE COURT:

Dated: August 15, 2016 /s/ Joy Flowers Conti
United States Chief District Judge